998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Sonny BOSTIC, Plaintiff-Appellant,
v.
STATE of NORTH CAROLINA, Defendant-Appellee.
 No. 92-6905.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 30, 1993.
Decided: July 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Charles Sonny Bostic, Appellant Pro Se.
 E.D.N.C.
 DISMISSED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Sonny Bostic, a North Carolina inmate, filed a document in the district court which the court construed as a notice of appeal from an interlocutory order that held various motions in abeyance pending Bostic's filing of a complaint in that court. The notice, however, predates the district court's order and makes no reference to it. Instead, the "notice of appeal" is directed to the Supreme Court of North Carolina and discusses constitutional violations by the state court. Since the document predates the district court's order in the case, it cannot properly be construed as a notice of appeal from that order.[1] We therefore dismiss the appeal since it is not properly before this Court. See Fed. R. App. P. 3, 4. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 DISMISSED
 
 
 [1]
 We note that Bostic also later filed a "notice of appeal." However, if we were to interpret that document as the notice Bostic intended, we would find it interlocutory. See 28 U.S.C.s 1291
 
 
 [2]
 We deny Bostic's "Motion Compelling Disclosure For Review," his motion for "Production of Documents to Support Cause for Review Appeal [sic]," his "Motion Compelling Certificate of Probable Cause, Admission or Offer of Proof," and his "Motion to Take Judicial Notice of Adjudicative Facts."